# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:02 CV-33-MU

| | | |
|---|---|---|
| **DARRELL EUGENE STRICKLAND** | ) | |
| | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|         vs. | ) | **ORDER** |
| | ) | |
| **MARVIN POLK, Warden,** | ) | |
| **Central Prison** | ) | |
| **Raleigh, North Carolina** | ) | |
| | ) | |
|     **Respondent** | ) | |

    This matter is before the Court on its own motion. By previous written Order, this Court informed Petitioner of its intent to raise the issue of procedural default *sua sponte*. [Order of Dec. 13, 2002] In that Order, the Court singled out a number of claims from the Petition for Writ of Habeas Corpus (hereinafter "Petition" or "PWHC") and ordered both Petitioner and Respondent to address the issue of procedural default with regard to those claims. Petitioner filed a brief of law in response to the Court's Order on January 9, 2003, followed by an amendment to the brief of law on October 15, 2003. Respondent filed a brief of law in response to the Court's Order on January 13, 2003.

    Upon further review of the Petition, this Court has identified a number of additional claims that it believes may be procedurally defaulted in this Court. With regard to <u>most</u> of these claims, it appears that Petitioner failed to exhaust them in the state courts and that he would be barred by an adequate and independent state procedural rule from bringing them in state court if he attempted to do so now. *See Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000), *cert. denied* 530 U.S. 1285 (2000). The following claims may be procedurally defaulted on federal

habeas review:

**CLAIM I A: *Brady* Claims**

    **a) *Brady* Claim with regard to Gail Brown's entire Jan. 2, 1995 statement to Agent Underwood (Exh. 83)**

In his Petition, Petitioner identifies portions of Gail Brown's Jan. 2, 1995 statement to Agent Underwood (Exh. 83) that he alleges were exculpatory and/or impeaching information that should have been disclosed to him under *Brady v. Maryland*, 373 US 83, 83 S.Ct. 1194 (1963). However, in his Petition for Writ of Certiorari to the North Carolina Supreme Court, Petitioner failed to identify for that court's review *any* alleged *Brady* material from Exh. 83. Therefore, it does not appear that he "fairly presented" his *Brady* claim with regard to any portion of the Jan. 2, 1995 statement (Exh. 83) to the North Carolina Supreme Court.

    **b) *Brady* Claim with regard to two portions of Gail Brown's February 7, 1995 statement to Agent Underwood (Exh. 84)**

In his Petition, Petitioner identifies the following as exculpatory information from Gail Brown's February 7, 1995 statement to Agent Underwood that should have been disclosed to him pursuant to *Brady v. Maryland*:

> Brown related that about a week after the incident, she and her brother, George Eric McWhorter, went to Bowie Ford to look for a pickup for McWhorter. McWhorter wanted to test drive a 1992 model Ford pickup truck that he had seen on the lot there. Brown and McWhorter test drove the Ford pickup truck. They drove by Pressley Tire Company in Monroe and stopped there in the parking lot. While there, Brown and her brother switched places in the vehicle and Brown drove the pickup truck away from the parking lot.
>
> Brown stated that there was not a conspiracy between her, Sherry Jenkins, and "Squeaky" to kill Henry.

Although he identified these two statements during the MAR hearing as alleged *Brady* material,

Petitioner failed to identify them as *Brady* material in his Petition for Writ of Certiorari to the North Carolina Supreme Court. Thus, it does not appear that he fairly presented a *Brady* claim with regards to these two portions of Gail Brown's February 7, 1995 statement to Agent Underwood to all appropriate state courts as required by § 2254(b).

### c) *Brady* Claim with regard to sentencing phase of trial

Petitioner complains that the MAR court failed to address his *Brady* claim with respect to the sentencing phase of the trial. However, it does not appear to this Court that Petitioner fairly presented a *Brady* claim with regard to any portion of Officer Keziah's report (Exh. 82) or Gail Brown's statements to Agent Underwood (Exhs. 83 & 84) as they related to the sentencing phase of the trial to either the MAR court or to the North Carolina Supreme Court.

**CLAIM I B:** *Napue* **Claims**

**a) *Napue* claim regarding Gail Brown's entire January 2, 1995 Statement to Agent Underwood (Exh. 83) and all but one portion of Agent Underwood's February 22, 1995 Synopsis Report (Exh. 88)**

Petitioner complains that the MAR court failed to address his *Napue* claim with regard to Gail Brown's January 2, 1995 Statement to Agent Underwood (Exh. 83). *See Napue v. Illinois*, 360 U.S. 264, 269 (1959). However, it does not appear to this Court that Petitioner fairly presented a *Napue* claim with regard to any portion of Gail Brown's January 2, 1995 Statement to Agent Underwood (Exh. 83) to either the MAR court or to the North Carolina Supreme Court. Furthermore, it does not appear that Petitioner fairly presented a *Napue* claim to either court with regard to any portion of Agent Underwood's February 22, 1995 Synopsis Report (Exh. 88), except that portion concerning Gail Brown's remark to Officer Keziah that Petitioner and the victim were "running their mouths at each other" prior to the shooting.

### b) *Napue* Claim with regard to sentencing phase of trial

It appears that Petitioner may be attempting to raise a claim that he was prejudiced *at sentencing* by the prosecution's failure to correct false evidence presented by Gail Brown during the guilt/innocence phase of the trial. *See id*. To the extent that Petitioner is attempting to raise such a claim, it does not appear that he fairly presented it to the State courts. This appears to apply to all of Petitioner's Exhibits and not just to Exhibits 83 and 88.

### CLAIM II: Claim of ineffective assistance of counsel for failing to cross-examine Gail Brown

It appears that Petitioner may be attempting to raise a claim that he was prejudiced *at sentencing* by counsel's failure to cross-examine Gail Brown during the guilt/innocence phase regarding whether she in fact witnessed the shooting of the victim and whether the victim's family was pressuring her to testify a certain way. To the extent that Petitioner is attempting to raise such a claim, it does not appear that Petitioner fairly presented this claim to the State courts.

### CLAIM VI (c): Claim that use of the "short-form" indictment violated Petitioner's Equal Protection Rights

Petitioner claims that his Sixth and Fourteenth Amendment rights to notice of the charges against him, equal protection of the law and due process of the law were violated by the State's use of the statutory "short form" indictment permitted by N.C. Gen. Stat. § 15-144. However, it does not appear to this Court that Petitioner fairly presented an Equal Protection claim to the North Carolina Supreme Court when on direct appeal, he challenged the State's use of the "short-form" indictment. NOTE: This applies only to Petitioner's Equal Protection claim regarding use of the "short-form" indictment.

**CLAIM IX: Prior Acts of Violence by the Victim**

Petitioner claims that he was prejudiced *at sentencing* when the trial court refused to admit testimony at the guilt/innocence phase of the trial regarding past acts of violence by the victim, Petitioner's knowledge of those past acts and statements made by the victim on the night of the murder. However, it does not appear to the Court that Petitioner fairly presented a claim in the State courts that he was prejudiced at sentencing by the trial court's actions.

**CLAIM X: State's failure to disclose name of person to whom Petitioner made exculpatory statement**

It appears that Petitioner may be attempting to raise a claim that he was prejudiced *at sentencing* by the trial court's refusal to require the State to disclose the name of the person to whom Petitioner allegedly stated that the shotgun went off by accident. To the extent that Petitioner is attempting to raise such a claim, it does not appear that Petitioner fairly presented it to the State courts.

**CLAIM XII: Prosecutor argued highly improper matters to the jury in the guilt phase**

Petitioner claims that prosecutors argued false and misleading facts and misstated the law during closing arguments at the guilt/innocence phase of the trial, thereby violating his due process and fair trial rights under the Fourteenth Amendment. However, Petitioner failed to object at trial to the prosecutors' arguments. Therefore, this claim appears to be procedurally defaulted under the contemporaneous objection rule. *See Daniels v. Lee*, 316 F.3d 477, 486-488 (4th Cir. 2003).

IT IS HEREBY ORDERED THAT Petitioner has thirty (30) days from the date of entry of this Order to file a brief or memorandum addressing the issue of procedural default as it

pertains to the claims listed above.

IT IS FURTHER ORDERED THAT Respondent has thirty (30) days from the date of entry of this Order to file a brief or memorandum addressing procedural default as it pertains to the claims listed above.

**Signed: June 14, 2005**

Graham C. Mullen
Chief United States District Judge